■ PHYLLIS ABRONS, Respondent, v. ALAN ABRONS, Appellant, and HARRY GROSSMAN, as Guardian ad Litem of ALAN ABRONS, an Infant, Respondent.— Order, entered November 10, 1965, unanimously reversed, on the law, with $30 costs and disbursements to the defendant-appellant, and motion by defendant to vacate order of Special Term, rendered September 22, 1965, appointing a guardian ad litem for the defendant with direction for service of summons and complaint upon him, granted, with $10 costs. It was improper to appoint the guardian ad litem on application by the attorneys for the plaintiff without notice to the defendant, an adult (CPLR 1202, subd. [b]), and without satisfactory proof that the defendant, though allegedly mentally ill, was incapable of adequately protecting his rights. (CPLR 1201; see, further, Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 321.03, 1201.05; Sengstack v. Sengstack, 4 N Y 2d 502; Anonymous v. Anonymous, 3 A D 2d 590.) Furthermore, in determining whether the alleged incapacity of defendant warranted the appointment of a guardian ad litem, before granting such relief, under the circumstances in this case, the court should have found on a proper record that it was not feasible to institute proceedings for the appointment of a committee of the property of the defendant. Anything less was a violation of the due process rights of the defendant, because the procedural requirements of incompetency proceedings would have been by-passed. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.